**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AARON C. PORTER,
D.O.C. #L37704,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:19cv126-WS-MAF**

**MARK S. INCH, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

In May 2020, the pro se Plaintiff filed an "emergency motion for preliminary injunction and memorandum of law." ECF No. 47. He immediately filed an "amended emergency motion for preliminary injunction and memorandum of law," ECF No. 48, in the event that he forgot to sign the declaration page. *Id.* at 1. In light of Plaintiff's amended motion, ECF No. 48, the first emergency motion should be denied as moot.

Additionally, after filing that motion, Plaintiff requested permission to file a supplemental complaint. ECF No. 52. Plaintiff's motion was granted, ECF No. 53, and he was given leave to file a fourth amended complaint.

Plaintiff's fourth amended complaint, ECF No. 54, was filed on July 15, 2020, pursuant to 42 U.S.C. § 1983. After review of the complaint, an Order was entered on July 17, 2020, directing Plaintiff to file a fifth amended complaint. ECF No. 55. The Order explained that Plaintiff's complaint raised a sufficient Eighth Amendment claim in general - that inmates are transferred to other institutions in an effort to resolve a need for protection. Plaintiff claimed, however, that the "resolved protection" transfers were a "sham" and did not accomplish that goal. ECF No. 54 at 15. Instead, Plaintiff alleged a pattern of abuse and transfer which has continued to place his life in danger. *Id.* at 16.

Notwithstanding that the basis for Plaintiff's complaint presented a plausible issue to be litigated, Plaintiff's fourth amended complaint lacked a sufficient basis to present a claim against each person named as a Defendant. Thus, Plaintiff has been required to file a fifth amended complaint. ECF No. 55. Plaintiff has been given until August 17, 2020, to comply with that Order and file his fifth amended complaint. *Id.*

One additional issue is noted from Plaintiff's fourth amended complaint, ECF No. 54. Plaintiff alleged facts based on events from the summer and fall of 2019, as well as events from early in 2020. ECF No. 54

at 23-25.  However, this case was initiated in March of 2019.  Because Plaintiff is a prisoner, he is required to have exhausted administrative remedies prior to case initiation.  42 U.S.C. § 1997e(a).  Thus, any events which transpired after case initiation could not have been exhausted and are subject to dismissal.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson–Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983).  To be entitled to a preliminary injunction,

a plaintiff must demonstrate all four prerequisites.  <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>Jefferson Cnty.</u>, 720 F.2d at 1519 (citing <u>Canal Auth. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff has not demonstrated a substantial likelihood of success on the merits because his fourth amended complaint is insufficient.  Thus, the amended emergency motion should be denied on that basis alone.

However, another reason to deny the motion is because Plaintiff has not demonstrated irreparable injury.  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  <u>Jernard v. Commissioner, Ga. Dep't of Corrs.</u>, 457 F.App'x 837, 839 (11th Cir. 2012) (quotation omitted).  Plaintiff specifically requested compensatory and punitive damages.  ECF No. 54 at 30.  The availability of monetary damages means that Plaintiff has not shown irreparable injury.  <u>Jefferson Cnty.</u>, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").  Thus, Plaintiff's amended motion should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion, ECF No. 47, and his amended motion for a preliminary injunction, ECF No. 48, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 22, 2020.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**